UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| D'MARCEL RAHE, | ) | CASE NO. 3:14 CV 278 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| TOLEDO CORRECTIONAL | ) | AND ORDER |
| INSTITUTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 10, 2014, plaintiff *pro se* D'Marcel Rahe, an inmate at the Toledo Correctional Institution (ToCI), filed this 42 U.S.C. § 1983 action against the ToCI Medical Department and the Ohio State University Hospital (OSU). Plaintiff alleges his right testicle was removed in a surgery at OSU in June 2013. A second procedure was required in September 2013 because of severe swelling. Plaintiff has been receiving follow-up treatment at the Franklin Medical Center for ongoing swelling and discomfort. He seeks damages, a reduced sentence, and surgery at an "outside hospital."

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323,

2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish an objective component that a sufficiently serious deprivation has occurred. *Id.* at 2324. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 112 S. Ct. 995, 1000 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the

Eighth Amendment. *Id.* at 1000. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To establish a claim for inadequate medical care under the Eighth Amendment, plaintiff must demonstrate that defendants acted with deliberate indifference to his serious medical needs. *Farmer*, 511 U.S. at 835. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).

The allegations set forth in the Complaint do not, as a matter of law, rise to the level of a valid Eighth Amendment claim under the foregoing standards. This action is therefore dismissed under section 1915A. The dismissal is without prejudice to any valid *state law* claim plaintiff may have under the facts alleged. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

SO ORDERED.

    s/Jeffrey J. Helmick
UNITED STATES DISTRICT JUDGE